

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RITA E. FIX, | \* | CIV 06-3027 |
| | \* | |
| Appellant, | \* | |
| | \* | ORDER AND OPINION |
| -vs- | \* | |
| | \* | |
| FIRST STATE BANK OF ROSCOE | \* | |
| and JOHN S. LOVALD, TRUSTEE, | \* | |
| | \* | |
| Appellees. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The court has previously filed on February 26, 2007, an order and opinion (Doc. 22) dealing with a reversal of an order and opinion issued by the United States Bankruptcy Court for the District of South Dakota. I will not repeat, at least for the most part, the background information as well as the findings and conclusions in such order and opinion which I issued.

First State Bank of Roscoe ("FSB") and John S. Lovald, Trustee ("Lovald"), have filed and served so-called emergency motions for stay pending appeal. FSB's motion is Doc. 25 and Lovald's motion is Doc. 31. Supporting and opposing briefs and affidavits have been filed and served by the parties.

The briefs and affidavits filed by FSB and Lovald leave, very frankly, a great deal to be desired. They contain several misstatements of the record and misstatements of the law in the Eighth Circuit. These two parties state that my previous order and opinion held that the life estate of Fix was "immune from any attempt by FSB to modify the interest" of Fix (emphasis supplied). This was not the holding of this court. The word "immune" was never used. In fact, I specifically noted that, under South Dakota law, a life estate or homestead interest may be waived or surrendered. The essence of the holding was that such an interest cannot be waived without specific reference to it. There is no waiver unless the same can be clearly found within a document or by conduct which is clear and unmistakable. Thus, the settlement agreement upon

which FSB and Lovald attempted to rely was not legally sufficient. I trust that, on appeal, no party will again misstate the order and opinion of this court.

Appellees filed and served an affidavit of Sander J. Morehead (Doc. 29). He is a lawyer in the law firm representing FSB. The affidavit contains a false statement, namely that Fix was attempting to amend her complaint in state court to add James and Pamela Baer ("Baers") as party defendants. Baers have been party defendants in the state court action for at least 10 months, namely from the start of the litigation in state court. A plaintiff does not add a party by seeking to amend the complaint. Adding a party requires a motion under Fed.R.Civ.P. 21 (or the comparable state rule) to do just that. Pleadings and Motions are dealt with under Part III of the Federal Rules. Parties are dealt with under Part IV of the Rules. Attorneys should be familiar with these matters.

FSB and Lovald also misrepresent the law in the Eighth Circuit. They state repeatedly that the Court of Appeals will give no deference to the holding of the district court as to what the law is in South Dakota. The exact opposite is true. It is very disturbing that counsel would advance arguments that are contrary to settled law. In a diversity suit in which a declaratory judgment was sought, the rights of the parties were governed by the law of the state and "with respect to that law opinions of an experienced local district judge are entitled to great weight." American Motorists Ins. Co. v. Samson, 596 F.2d 804, 807 (8th Cir. 1979) (*citing* Alsup v. Garvin-Wienke, Inc., 579 F.2d 461 (8th Cir. 1978), Green v. Am. Broadcasting Companies, Inc., 572 F.2d 628 (8th Cir. 1978), and Gatzemeyer v. Vogel, 544 F.2d 988 (8th Cir. 1976)).

"We acknowledge that, in the absence of controlling state precedent, we accord substantial deference to the district court's interpretation of state law." Kansas State Bank in Holton v. Citizens Bank of Windsor, 737 F.2d 1490, 1497 (8th Cir. 1984). "Further, we are guided by the principle that the interpretation of state law by a district judge sitting in that forum is entitled to substantial deference unless it is 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.'" Dabney v. Montgomery Ward & Co., Inc. (8th Cir. 1995) (*citing* Kansas City Power & Light v. Burlington Northern R.R., 707 F.2d 1002, 1003 (8th Cir. 1983) (citations omitted)).

"Although this court gives special weight to the determination of local law by a federal district judge, a court of appeals cannot be irrevocably bound by a district judge's choice of one of two or more alternative rules to follow in a diversity case. To hold otherwise would be to abdicate our appellate responsibility." Luke v. American Family Mut. Ins. Co., 476 F.2d 1015, 1019-1020 (8th Cir. 1973), *cert. denied*, 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973). "We feel future adherence to the principle set forth by the Fifth Circuit more adequately reflects a court of appeals' proper course of review: 'We give great weight to the view of the state law taken by the district judge experienced in the law of that state, although of course the parties are entitled to review by us of the trial court's determination of state law just as they are of any other legal question in a case.'" *Id.* (*citing* Freeman v. Continental Gin Co., 381 F.2d 459, 466 (5th Cir. 1967)).

Finally, Lovald and FSB advance the very curious argument that the bankruptcy court has more expertise than the district court, at least in matters of bankruptcy law. One would wonder then why all appeals in the District of South Dakota are brought to the district court. I do not want to debate my qualifications or experience with counsel for FSB or Lovald. I will let my resume speak for itself. I will observe, however, that legal issues as to life estates and homestead rights are matters that I dealt with regularly during my 30 years of practicing law before taking the bench. These legal issues are not, as claimed by Lovald and FSB, unique to bankruptcy courts.

The conduct of the Baers is shocking to the court. They have forced Fix from her home, removed the kitchen cabinets, removed the flooring in the kitchen, dining room and living room, and made the house, according to their own affidavit (Doc. 30), no longer habitable. All of this has been accomplished without a final ruling (i.e. not subject to reversal or remand) in bankruptcy court and while the appeal was pending before the district court. This court will not reward such conduct which has interfered with the orderly process of the law. They have, in effect, taken the law into their own hands.

If the motions to stay were granted, FSB and Lovald would greatly benefit from the conduct of the Baers. They would, during the pendency of the appeal, keep Fix from her home. They would be granted a reversal of the order and opinion of this court during the pendency of the appeal. A stay is not to be used for any such improper purpose. Fix is 81 years of age. She has

the right to give live testimony in her lawsuit in state court. Anyone knows the great advantage of live testimony over deposition testimony. She also has the right to again live in her home. Neither FSB nor Lovald come before this court under equitable circumstances. The conduct of FSB as well has been shocking to the conscience of this court.

It is very unlikely that Lovald and FSB will prevail on appeal. I may be wrong but I have no doubt about the law in this case. They will not suffer any injury, let alone irreparable injury if the stay is not granted. Granting the stay, for reasons already stated, would result in substantial harm to Fix. The public interest would not permit a stay. In addition, Lovald and FSB are asking this court to interfere with a pending state court action, directing a state judge what to do as to scheduling. I have no intention of doing that. State court judges are fully capable of running their own courts. The motions are totally without merit and should be denied.

Now, therefore,

IT IS ORDERED that the motions (Docs. 25 and 31) are denied.

Dated this 15th day of March, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Raepke
DEPUTY
(SEAL)