FILED
SEP 0 4 2009

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RITA E. FIX, | \* | CIV 06-3027 |
| Appellant, | \* | |
| -vs- | \* | ORDER |
| FIRST STATE BANK OF ROSCOE and JOHN S. LOVALD, TRUSTEE, | \* | |
| Appellees. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This bankruptcy appeal arose out of a November 20, 2006, decision enjoining Rita Fix's state court action against the First State Bank of Roscoe. Fix had previously filed for bankruptcy protection and had received a Chapter 7 discharge in October 2005 prior to institution of her suit against the bank. Her claims against the bank arose out of the bank's December 2005 sale of the home she had occupied for sixty years.

The bank filed an adversary proceeding in bankruptcy court seeking an injunction permanently enjoining Fix's state court action based upon a previous settlement agreement and release between Fix and the bank that had been approved by the bankruptcy court. The bankruptcy court entered a permanent injunction preventing Fix from pursuing her state court action against the bank. Fix appealed to the district court. I affirmed the judgment of the bankruptcy court holding that the settlement agreement did not release any claims against the bank, that the trustee is not bound by the settlement agreement, and that Fix is free to pursue any causes of action in tort that she may have against the bank. I reversed the judgment of the bankruptcy court granting the permanent injunction, holding that Fix was free to proceed with the state court action.

The bank and the bankruptcy trustee appealed to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit held that most of Fix's claims against the bank belonged to the bankruptcy trustee. The Eighth Circuit held that only Fix's intentional infliction of

emotional distress claim belonged to her and that such claim was not released. The mandate has issued. The Eighth Circuit vacated my order and remanded for further proceedings.

Fix has filed an amendment to her bankruptcy schedules B and C to claim as an exemption her interest in the state court litigation as found by the Eighth Circuit. The bank objected to the amendment to schedule B. That matter is set for hearing before the bankruptcy court.

Now, therefore,

IT IS ORDERED:

1. The memorandum opinion and order entered on February 26, 2007, is vacated to the extent it is inconsistent with the opinion of the Court of Appeals.

2. The November 30, 2006, decision of the United States Bankruptcy Court in adversary #08-3008, is affirmed to the extent that it permanently enjoined Rita Fix from pursuing her state court claims arising out of or related to the March 12, 1999, agreement between Fix and the bank.

3. The November 30, 2006, decision of the United States Bankruptcy Court in adversary #08-3008 is reversed to the extent it permanently enjoined Rita Fix from pursuing her state court claim for intentional infliction of emotional distress.

4. This matter is remanded to the United States Bankruptcy Court for further proceedings consistent with the opinion of the United States Court of Appeals for the Eighth Circuit in Fix v. First State Bank of Roscoe, 559 F.3d 803 (8th Cir. March 17, 2009).

Dated this 3rd day of September, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)